E. R. Fenimore Johnson v. Commissioner.
Johnson v. Commissioner
Docket No. 20996.
United States Tax Court
1951 Tax Ct. Memo LEXIS 184; 10 T.C.M. (CCH) 591; T.C.M. (RIA) 51190; June 21, 1951
*184 Frederick E. S. Morrison, Esq., 117 South 17th St., Philadelphia 3, Pa., for the petitioner. John A. Newton, Esq., for the respondent. MURDOCK Memorandum Opinion MURDOCK, Judge: The Commissioner determined a deficiency of $18,051.83 in the income and victory tax of the petitioner for 1943. The only issue for decision is whether a loss from the taking of a yacht by the War Shipping Administration was sustained in 1943, as contended by the petitioner, or was sustained in 1942, as held by the Commissioner in determining the deficiency. The facts have been stipulated. The petitioner filed his return for 1943 with the collector of internal revenue for the first district of Pennsylvania. He has always kept his books and filed his returns on the basis of cash receipts and disbursements. The War Shipping Administrator issued a requisition on July 2, 1942, for a vessel which the petitioner was using in his underseas photography business, and the vessel was delivered pursuant to the requisition on that same day. It was not to be returned. The War Shipping Administrator sent to the petitioner a letter on or about December 22, 1942, enclosing a form of purchase contract *185 captioned "Offer and Acceptance", the effect of which was to offer the petitioner $24,750 for the vessel theretofore taken from him. The petitioner sent a letter to the War Shipping Administrator on February 23, 1943, stating that he had received the offer but he was not satisfied that an appraisal of the laboratory equipment had been made since no specific mention of it was made in the offer, and would like to have a specific statement whether the equipment had been valued and whether it was requisitioned along with the vessel. The War Shipping Administrator advised the petitioner by a letter dated March 29, 1943, that the equipment had been taken into account in valuing the vessel. The offer dated December 22, 1942, was duly executed on behalf of the petitioner and returned to the War Shipping Administrator on April 5, 1943. The War Shipping Administrator, on April 14, 1943, sent a letter to the petitioner acknowledging receipt of the petitioner's agreement to accept $24,750 for the vessel and enclosing a bill of sale, an affidavit of ownership, and other documents which were to be executed by the petitioner and returned, together with a certificate of ownership to be issued *186 by the Collector of Customs at Philadelphia showing that the vessel was not encumbered. The letter stated that payment for the vessel would be made promptly upon receipt of the executed documents. The bill of sale and the affidavit of ownership were executed on behalf of the petitioner on April 19, 1943, and were mailed to the War Shipping Administrator on or about April 21, 1943, together with a certificate of ownership of the vessel. The petitioner received $24,750 on May 25, 1943, as payment of the purchase price of the vessel. The petitioner, on his return for 1943, deducted a loss of $26,051.65 from the sale of the vessel and equipment. The Commissioner disallowed the deduction for 1943 but allowed it for 1942. Both parties agree that the petitioner sustained a deductible loss of $26,951.65 "upon the sale of said vessel." The only question is the year in which the loss was sustained. The transaction, when completed, was a sale of the vessel by the petitioner to the United States of America represented by the War Shipping Administration, for a purchase price of $24,750. The transaction was not complete in 1942 but became a completed and closed transaction for the first time *187 in 1943. The petitioner was on a cash basis and he correctly claimed a deduction for his loss in 1943 when the loss was sustained by a closed transaction. We need not consider what the tax consequences might have been if the taking had been followed by legal procedures to determine just compensation, since the transaction was not completed in that way but, instead, was completed by agreement of the parties in a contract of sale. Cf. , (June 18, 1951). The only cases cited by the respondent are ones dealing with losses claimed under the provision of the Code which allows deductions not connected with the trade or business of a taxpayer but arising from fires, storms, shipwreck, or other casualty, or from theft. This loss is not deductible under that provision and the cases are not in point. Decision will be entered under Rule 50. *
Footnotes
*. Decision is as amended by Tax Court order dated July 23, 1951.↩